UNITED STATES DISTRICT COURT
DISTRICT COURT OF PUERTO RICO

**GENERAL MOTORS CORPORATION, a Delaware Corporation,**
Plaintiff,

v.   CIVIL NO. 05-1001(DRD)

**ALBERIC COLON AUTO SALES, INC.; BARRANQUITAS AUTO CORP.; C.R. RONDINELLI, INC.; CABRERA HERMANOS, INC.; LOSADA AUTO TRUCK, INC.; LUGO AUTO SALES, INC.; ROYAL MOTORS CORPORATION, (all Puerto Rico Corporations); and EMMA SARA PORTELA, an individual, jointly and severally,**
Defendants

## ORDER

Pending before the Court is the defendants' *Motion to Dismiss*. (Docket No. 10). Through said motion, defendants move the Court to dismiss plaintiff's claims against them provided that they have failed to state a claim upon which relief may be granted in that: 1) the complaint is time barred pursuant to the one-year statute of limitation statutorily imposed by Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5298; 2) it has not established a *prima facie* case of tortious interference under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5298; and 3) because there is a parallel lawsuit pending before the courts of the Commonwealth of Puerto Rico.

Plaintiff duly opposed said motion arguing that the issues that give rise to the instant cause of action are subject to a valid contractual *choice of law* provision that requires the parties to litigate controversies arising form their dealership agreements pursuant to Michigan law. In the alternative, plaintiff sustains that, were Puerto Rico law to be applied to this case, the complaint alleges a valid and documented agreement between the parties and the damages which resulted from the defendants' clear interference with said agreement. Finally, it further avers that abstention is inapposite due to the fact that the proceedings in Puerto Rico courts are not parallel to the one herein. (Docket No. 17). Replies and sur-replies were authorized by the Court and timely filed by all parties herein. (Docket Nos. 21, and 30, respectively).

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. *See* Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Company, 267 F.3d 30, 33 (1st Cir. 2001). Dismissal under FED.R.CIV.PROC. 12(b)(6) is appropriate only if the facts alleged by the plaintiff, taken as true, do not justify recovery. *See* Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil

Corp., 851 F.2d 513 (1st Cir. 1988).

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3.  The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint.  *See* Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978).  In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; *see also* Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998). As a result, this Court examines whether the Third-Party Defendant Counter Claim "contains enough information to put [Third-Party Plaintiff] on notice of the nature of [Third-Party Defendant] claims". Greenier v. Pace Local 1188, 201 F.Supp.2d at 177.

Finally, "it is well established that affirmative defenses [such as time prescription] may be raised in a motion to dismiss an action for failure to state a claim".  Blackstone Realty LLC v. FDIC, 244 F. 3d 193, 197 (1st Cir. 2001); La Chapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 509 (1st Cir. 1998) ("In the case of the affirmative defense of statute of limitations, dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred".)**;** Aldahonda-Rivera v. Parke Davis and Company, 882 F. 2d 590, 592 (1st Cir. 1989) ("When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes the ruling based only on those pleadings, the motion is treated as a Rule12(b)(6) motion to dismiss).  In cases in which the affirmative defense is based on the statute of limitations, the Court may grant a motion to dismiss if the pleader's allegations leave no doubt that the asserted claim is time barred.  *See*, Street v. Vose, 936 F. 2d 38, 39 (1st Cir. 1991); Kali Seafood Inc. v. Howe Corp., 887 F. 2d 7, 9 (1st Cir. 1989).  *See also* Estate of Alicano-Ayala v. Philip Morris, Inc., 263 F.Supp. 2d 311, 315 (D.P.R. 2003).

After indulging all reasonable inference in plaintiff's favor, as provided in Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds the complaint sufficiently plead.  Plaintiff's claim unquestionably raises a cause of action seeking compensation for lost future economic benefits resulting form defendants' alleged tortious interference with its business expectancy with co-defendants' Rondinelli and Cabrera.  Moreover, in their request for dismissal, defendants have failed to place the Court in proper position as to which law is applicable – if Puerto Rico or Michigan law.  In fact, instead of rebutting plaintiff's assertion that a choice of law provision exists, defendants rather chose to simply presume that the applicable law was that of Puerto Rico and left plaintiff's well plead allegation regarding the choice of law unattended.  In fact, in their reply, defendants merely contested the sufficiency of the choice of law provision allegation contained in the complaint.  As to parallel litigation, defendants have neither sufficiently shown that this is, in fact, a parallel litigation, nor surpassed the strong presumption of the federal court to continue with plaintiff's well plead causes of action.[1]  Since "[a] complaint should not be dismissed for failure to

---

[1] The purpose behind the Colorado River doctrine is to determine whether exceptional circumstances exist in a case, which favor an exception in the exercise of federal jurisdiction.  The Court also counseled in its holding that the decision "whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case. ..." Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  From Colorado River and its progeny, six factors have emerged as the core of this brand of jurisdictional analysis. To determine whether the required

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), after providing credence to all well pleaded facts and making all reasonable inference in plaintiff's favor, the Court finds that the complaint sets forth sufficient "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery". Gooley, 851 F.2d 513 (1st Cir. 1988). Plaintiff has well plead all the elements of a tortious interference cause of action under local and common law. *See* Terradata, Inc. v. Budget Rent-A-Car Int'l, Inc., 218 F.Supp.2d 101 (D.P.R. 2002); General Office Products Corp. v. A.M. Capen's Sons, Inc., 15 Offic. Trans. 727, 115 P.R. Dec. 553 (1986).

Wherefore, defendants' motion to dismiss (Docket No. 10) is **DENIED**. Defendants **shall answer the complaint within the next ten (10) days**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March of 2006.

S/Daniel R. Domínguez  
**DANIEL R. DOMINGUEZ**  
**U.S. DISTRICT JUDGE**

---

"exceptional circumstances" exist, a district court must consider: (1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction, *see* Colorado River, 424 U.S. at 813; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties, *see* Moses H. Cone, 460 U.S. at 25-26, 103 S.Ct. at 941-42. The list, however, was not intended to be exhaustive. Villa MarinaYacht Sales v. Hatteras Yachts ("Villa Marina I"), 915 F.2d 7, 16 (1st Cir. 1990). Other factors have been found to merit consideration, notably the vexatious or contrived nature of the federal claim, *see Id.,* at 12; Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 309-10 (1st Cir. 1986), as well as respect for the principles underlying removal jurisdiction, *see* Villa Marina, *supra*, at 14-15. Moreover, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against the exercise is required." Id. at 12. Defendant has not made a full effort, though piecemeal information has been provided. The Court requires a full analysis of all factors including any additional factor which may be applicable before surrendering jurisdiction. The fact that the case may be at the appellate level does not necessarily mean it is parallel or that the case will necessarily end prior to the case in federal court.